**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| **LIONEL R. MACKEY, JR.,** | |
| **Plaintiff,** | |
| **v.** | **CAUSE NO. 3:25-cv-00430-ALT** |
| **RON NEAL,** *in his individual and official capacity as Warden of Indiana State Prison (ISP), also known as Ronnie Neal, et al.,* | |
| **Defendants.** | |

## OPINION AND ORDER

Lionel R. Mackey, Jr., a prisoner without a lawyer, is proceeding in this case on two claims: (1) "against Warden Ron Neal, Deputy Warden Dawn Buss, and Officer Naz (first name unknown) in their personal capacity for money damages for failing to provide him with adequate drinking water during lockdowns occurring between October 2024 and December 2024 in violation of the Eighth Amendment;" and (2) "against Warden Ron Neal in his official capacity for permanent injunctive relief related to his need for adequate drinking water during lockdowns as required by the Eighth Amendment[.]" (ECF 6 at 5-6). Defendants filed a motion for summary judgment, arguing Mackey did not exhaust his available administrative remedies before filing this lawsuit. (ECF 20). Mackey filed a response, and Defendants filed a reply. (ECF 27, 28, 29). The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015) (citations omitted).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must

2

file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006) (citation omitted). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* (citation omitted). In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement … and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (citations omitted).

The parties provide evidence showing the following facts: During all relevant times, an Offender Grievance Process was in place at Indiana State Prison and available to Mackey. (ECF 20-1 at 2, 5). The Offender Grievance Process required Mackey to complete three steps before filing this lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. (*Id.* at 2; ECF 20-2 at 3). Regarding the first step, once an inmate submits a grievance "[t]he Offender Grievance Specialist must either return an unacceptable form or provide a receipt for an accepted form within ten (10) business days of receipt." (ECF 20-2 at 9). If an offender does not receive a receipt or a rejected form from the Offender Grievance Specialist within ten business days, "the offender shall notify the Offender

3

Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." (*Id.*).

The Grievance Specialist attests that Mackey's grievance records show he never submitted any grievance complaining of inadequate drinking water before filing this lawsuit. (ECF 20-1 at 6). In response, Mackey asserts he completed a grievance form on October 28, 2024, and passed it to an officer working on the range to be sent to the grievance office, but he never received any receipt or response from the grievance office. (ECF 27 at 2). He provides a copy of an emergency grievance dated October 28, 2024, which states: "I told Officer Naz that I had not had safe drinking water for a prolonged period of time, still Officer Naz did not accommodate me with safe drinking water." (ECF 27-1 at 1). The Grievance Specialist attests this grievance does not appear anywhere in Mackey's grievance history file. (ECF 20-1 at 6). Mackey further asserts that, after he received no receipt or response to his October 28 grievance, he submitted a "Request for Interview" form to the Grievance Specialist on November 20, 2024, which states: "I filed an emergency grievance on 10-28-24, the MCF grievance specialist prevented me from appealing by failing to respond or take any action on my respective emergency grievance." (ECF 1-1 at 1).

Here, the only question before this Court is whether Mackey did in fact submit his (1) October 28 grievance form and (2) November 20 "Request for Interview" form to the grievance office. If Mackey *did* submit both of these documents to the grievance office, he exhausted all administrative remedies that were available to him, and the

4

grievance office made any further remedy unavailable by failing to respond to these documents. But if Mackey *did not* submit one or both of these documents to the grievance office, then he still had administrative remedies that were available to him at the time he filed this lawsuit. *See Rambo v. Smiley*, No. 3:18-CV-740-JD-MGG, 2020 WL 1157865, at *4 (N.D. Ind. Mar. 10, 2020) (holding that to survive summary judgment, the plaintiff must provide evidence that he both (1) submitted a relevant grievance and (2) notified the Grievance Specialist after he received no response to the grievance).

In their reply, Defendants argue Mackey's assertion that he submitted these documents to the grievance office is not credible for two reasons. First, Defendants note the grievance office stamps each document it receives, and that neither of the documents provided by Mackey have a "Received" stamp at the top, indicating he never submitted either document to the grievance office. (ECF 29 at 2). Second, and more importantly, Defendants ask the Court to take judicial notice of documents filed in two other pending lawsuits—*Kizer v. Neal*, No. 3:25-cv-00508-GSL-APR, and *Holt-Spencer v. Neal*, No. 3:25-cv-00202-DRL-SJF. (ECF 29 at 2-3).[1] In both of these lawsuits, the plaintiffs provide the exact same grievance and "Request for Interview" form, in the exact same handwriting, as the forms Mackey provides and claims to have "completed" himself. (*Id.*).

Accordingly, there is a disputed material fact regarding whether Mackey in fact submitted his October 28 grievance and November 20 "Request for Interview" form to

---

[1] Defendants also point to a third case, *Baptiste v. Neal*, No. 3:25-cv-00204-JEM (ECF 29 at 3), but that case has since been dismissed for lack of prosecution.

the grievance office. If Mackey is credible, and he submitted both of these documents to the grievance office, Defendants' motion for summary judgment will be denied. If Mackey is not credible, and he did not submit one or both of these documents to the grievance office, then Defendants' motion for summary judgment will be granted. Resolving this credibility dispute will require a hearing as explained in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Moreover, because the credibility dispute at issue in this case is related to the disputes in *Kizer v. Neal*, No. 3:25-cv-00508-GSL-APR, and *Holt-Spencer v. Neal*, No. 3:25-cv-00202-DRL-SJF, the *Pavey* hearing held in this case will be scheduled and held in conjunction with the *Pavey* hearing held in those lawsuits.

For these reasons, the court REFERS this case to Magistrate Judge Scott J. Frankel to conduct an evidentiary hearing and to prepare a report and recommendation.

SO ORDERED.

Entered this 10th day of August 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge

6